UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHNNY DICKERSON,** | ) | **CASE NO. 1:13CR383** |
| | ) | **1:16CV1179** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Johnny Dickerson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Doc. 43. Upon review, the petition is DISMISSED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Additionally, 28 U.S.C. § 2255(f)(1) provides as follows: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the … date on which the judgment of conviction becomes final[.]"[1]

> The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (citing *Holland v. Florida*, —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177

---

[1] The remaining dates contained in subsections (2) through (4) are inapplicable herein.

> L.Ed.2d 130 (2010)). Petitioner bears the burden of demonstrating he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Until recently, we used a five-factor inquiry to determine whether a habeas petitioner was entitled to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (identifying the following factors as relevant to the equitable tolling determination: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). The factors were "not necessarily comprehensive or always relevant." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). The Supreme Court's decision in *Holland* replaced the five-factory inquiry with a two-part test, under which a habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 662 F.3d at 749 (citing *Holland*, 130 S.Ct. at 2562).

*Johnson v. United States*, 2012 WL 171379, at *7 (6th Cir. Jan. 23, 2012).

**II. LAW AND ARGUMENT**

Petitioner's sentence was reduced to a judgment entry on March 11, 2014. Petitioner appealed that same day. Petitioner, however, voluntarily dismissed his appeal on November 5, 2014. Accordingly, Petitioner was required to file his petition by no later than November 5, 2015. Petitioner did not file the instant petition until May 17, 2016, well beyond the statute of limitations.

Within his petition, Petitioner does not seek equitable tolling. Instead, Petitioner contends that this Court should allow his untimely petition because he is actually innocent. Petitioner, however, does not assert that he is actually innocent of the crime to which he pleaded guilty. Instead, Petitioner asserts that the sentence he received could not have been imposed for the crime he committed. As such, he does not raise a claim of innocence in any manner. As a result, there is no basis to consider is his untimely filed petition.

Furthermore, the Court would note that if it were to reach the merits of the petition, Petitioner would still not be entitled to relief. At its simplest, the petition argues that the drug quantity table should have dictated Petitioner's base offense level and statutory maximum. First, such an issue is res judicata because Petitioner could have raised the issue on appeal and chose not to do so. Second, there is no law that would support such a contention. Petitioner was sentenced as a career offender. Petitioner has raised no argument that his prior convictions were not properly determined to be the necessary predicates to make him a career offender. Accordingly, his guideline range was properly calculated based upon his status as a career offender, rather than by reliance solely on the drug quantity table. As such, there is no merit in Petitioner's challenge to his sentence.

**III. CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: May 20, 2016  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**